Good morning, Your Honors. Miles Pope for Cameron Campbell, and I'd like to reserve two minutes for rebuttal. My plan, unless the Court has a different preference, is to first address the waiver issue and then turn to the merits. With respect to the government's argument that Mr. Campbell waived this argument or this issue by failing to raise it below, there are four reasons why the appellate claim is not waived here. The first reason is that it is ultimately a refinement of his unreasonable delay claim below. It is not a novel suppression theory. It goes through many of the same facts, and Mr. Campbell's briefing below recited many of the same facts and considerations that this Court will consider in connection with unreasonable prolongation under the sort of, you know, even assuming there's probable cause. I mean, I don't want to stop you from going through all four, but didn't the District Court actually just address it? Yeah, that's the one. I'm going to move on. That's correct. No, I don't want to use my time that way. That's right. So District Court addressed it, so then we get to the merits. And on the merits, we have the balancing test. From my perspective, this is a case that with respect to the police investigation, sort of the first side of the ledger, really is in all relevant respects on all fours with DAS. And so what we have is the government concedes that there was probable cause from its perspective at the moment of seizure. Even if we accept the government's shifting explanation Can I ask about DAS? Because it is an interesting case, but we have cases after that that sort of scale back on DAS. You know, we have Albers, which was that there was no problem when there was a seven to ten day delay in Sullivan when there was a 21 day delay. I mean, are those in conflict? How do we make sense of all of those? In my view, in each of those cases, when the court drilled down into the actual explanations for the lengthier delay than what DAS recognized was appropriate, there were explanations that were related to the execution of the warrant itself, essentially. There were, you know, in certain circumstances, you had, you know, there was diligence by the police and there was sort of asserted diligence below by the police in terms of, you know, they had other obligations that they needed to take care of. And that's okay. This court has held that when there's sort of competing obligations in a different matter, that can factor into the reasonableness analysis. I was going to ask you also, while you're addressing the factors that you think are relevant, DAS, as I recall, the delay was between 16 and 23 days, which is considerably more than what happened here. So if you would address that as a factor while you're going through the other. In DAS, the delay was between 7 and, I think, 28 days. I guess I'm going off the dissent, which said it was unreasonable, but, yeah. The majority opinion said it was... I thought what you were relying on was a statement. I mean, I think this is the problem. In DAS, there was some statement that 29 hours was like the outer limits, which is sort of dicta and I don't know what it's based on, but it wasn't the holding. I thought that's what your argument was based on. So there are two factors. There are two threads in DAS that I draw on. The first is if you just look at the actual amount of time that DAS affirmatively held was constitutionally unreasonable. The length of the prolongation that was constitutionally unreasonable. Seven days was affirmatively held in that case. There was a delay of seven days, one day longer than this, to be unreasonable even in a probable cause case. That's a holding of DAS. What do you do about the fact that here there's evidence that there wasn't anybody available this, you know, was seized on a Friday, then you had a weekend, you had people's days off and so on and so forth. There is a cogent explanation. What do we do with that? Well, I do two things with it, or maybe three. The first thing I would note is that it was a Thursday, not a weekend. The government argues that the Friday after that was Valentine's Day and says that, quote, almost everyone was off. And, you know, I stand with trial counsel. No one begrudges Valentine's Day. Are the criminals just running rampant on Valentine's Day? There's no police presence? Well, I'm off on Valentine's Day, so I wouldn't know. But no, the answer to that is clearly not. And there's a serious point. There are two serious points there. The first serious point is that, you know, it's the government, you know, trial prosecutor says almost everyone was off on Valentine's Day. Everyone was not off on Valentine's Day. And folks were affirmatively doing work on this case. I think your point is well taken. And the district court seemed to recognize that, that this was not a model of how this should have been handled. But the question, I guess, for us is whether the district court, I mean, in some ways it sort of helps the district court that he recognized there was a problem here, but then still found, or there were problematic facts, but then still found that it was not unreasonable. Isn't that, aren't we reviewing that for abusive or clear, what are we reviewing that for? Well, it's a constitutional reasonableness analysis. Well, yeah, but what about the fact, I mean, isn't there a factual, I guess, is it just pure de novo or do we get, don't we owe some deference to the reasonableness finding? It's on, I mean, certainly with respect to the findings of fact, it is, there's deference owed, but with respect to the applications of those in the sort of Fourth Amendment constitutional context, it's de novo. And I should say that the district court never addressed, there's one issue that's fairly glaring in this case, and again, I recognize I'm drilling you down into days, but days do matter in this context. There's one issue that the district court simply doesn't address and neither did the prosecutor below, which is there's an entire extra day, even if we accept that Valentine's Day is a special day, and even if we accept that the weekend is equally special, and even if we accept that it's, you know, the Constitution can be suspended because an entire investigatory team can decide to do 410s and everyone takes Monday off on the 410s even after a big drug bust, you know, even if we accept all of that, there's still the Tuesday, and absolutely nothing happened on Tuesday as far as the record reflects, and the government didn't give any explanation for why they weren't able to prepare this warrant, which I would emphasize, you know, the government sort of argues below, this was a, you know, it was a 51-page affidavit that was prepared that argues an enormous amount of work. All but 12 of those pages were a cut-and-paste job from a previous warrant, and the 12 pages in addition were basic narrative fact about, you know, what they'd done on the day of the arrest, and so this is not a case where... How was your client prejudiced at the end of the day? I mean, our cases go through that where, you know, he never asked for the property back, right? It didn't affect his liberty interest in that sense, we're just talking about a possessory interest, correct? Yes, so, I agree with all of that. First, absolutely correct, no evidence he requested the property back. I would emphasize, though, that every single case the government cites with respect to you need to make that request is a consent case. It's a seeking-to-revoke consent. This was not a consent seizure, this was a seizure. None of the cases the government cites, and I'm aware of none, say that sort of requesting property back is something you need to do in a case where the police affirmatively seized it from you. The second thing I would say is that this is... Again, agree with you with respect to the record on sort of specific articulated, you know, like prejudice that Cameron specifically stated to the court. But this is a unique case, because you have two different sort of buckets of stuff that were seized, I guess. The first is a cell phone, which this court has recognized, and the Supreme Court has recognized, you intrinsically have very serious possessory interests in. It contains the most intimate details of our lives. And this court has said that, and the Supreme Court has too. And then the second is, and I would rely on place for this proposition, which I think is relevant even in the context that I'm arguing it. The second one is that he is a traveler, and travelers, when they travel, the possessory interest they have in the goods that they take with them is uniquely strong, and the court has recognized that for good reason. I'm going to reserve unless the court has questions. Very well. Good morning, Your Honor. It's Ian Gerst, United States, based in Spokane, Washington. I'll jump straight into the issues that the court was addressing with my colleague here in regard to DAS. The government would submit that DAS is distinguishable based on the court's, this court's later rulings in Sullivan and in Gill, in particular. Do you think that those stand for a straight line proposition that six days just can't be a constitutional problem? The problem is with DAS is that DAS essentially created a bright line rule, which the Supreme Court and the courts interpreting it in the Supreme Court's ruling since place have said there's no bright line rule. Judge Gorsuch said that when he was on the Tenth Circuit in Christie, we're looking at the reasonableness based on the totality of circumstances, and DAS didn't conduct any of the balancing that's required under place in Sullivan and the cases this court has then examined. For example, Gill, this court's later case in Gill, totally rebutts DAS because in DAS, basically, the court established this bright line rule about the six days or what have you. I would agree with what Judge Graber said that in DAS, the dissent is more poignant in terms of the actual delay there because Judge Alarcone in the dissent points out that there were 16 to 23 days after the dog sniff that created the PC, whereas the majority in that found a 7 to 23 day delay after the reasonable suspicion. So that's relevant here for the timing in DAS, and the government would submit that the real timing in DAS is 16 to 23 days. But in DAS, the court did not consider the totality of circumstances. There's no balancing of the government's need to temporarily seize this property pending a search warrant and balancing it against the possessory interest of the individual. Ultimately, are we actually deciding this on de novo review? Because it seems like a lot of the factual findings, to the extent they were made below, actually help the defendant know that the government didn't act totally appropriately here. They didn't give a good reason or excuse. So are we ultimately deciding this on a de novo review, or do you think there are controlling factual findings that we would defer to that govern this case? The government believes, well, a motion expresses review de novo, but the factual findings by the district court, if there are any, are subject to clear error review. And that plays out because, even though the court and defense skipped the waiver issue, the government will get to that because the government does believe that the issue was waived here. And that's why you have minimal factual findings, if any, by the district court. And I'll get to that in a minute. But the facts here are that were actually allocated in any briefing or the actual hearing was that there was probable cause at the time of the seizure. The government already had a tracking warrant for the phone, the defendant's phone, and his vehicle showing there was already probable cause to seize these items temporarily, which is distinguishable from a lot of the cases cited by the defense, which are seizures based on reasonable suspicion. A Terry stop, different issue. They did continue the investigation. The government does agree there is some discrepancy about the Valentine's Day Friday because there was work that was done. There was continued investigation on that Friday where officers went and got video surveillance. Got to be honest, counsel, that seems like such a just a weak argument. I mean, I'm kind of shocked that the government came in and said, well, because of Valentine's Day, we get an excuse. I think the point was more not Valentine's Day being a holiday, but the officers were off-duty. And there is case law to suggest that other circuits have held that off-duty days are is the Seventh Circuit and Martin did not count two weekends in actual holiday for purposes of the delay. I mean, a true off-duty Fourth of July. OK, but, you know, a holiday, Christmas. Other courts have credited weekends as well. Weekends, I'm with you. Yes, I understood. But in any event, it's to some extent irrelevant because on that Valentine's Day, the government did do work. They went and got video that showed Mr. Campbell, the surveillance, the district court actually on that point that works against the government, because the district court said, well, we can't consider that because you you are I mean, as you said, you already had probable cause to arrest him. I thought the district court specifically said you can't rely on the work that you did to to verify some of these. No, the district court was curious in the district court at the time had not read the government's brief in response to the defendant's motion. And the issue with regard to the waiver is the fact that defendants motion to suppress. If this court goes back and looks at the actual motion to suppress and the excerpts of records at. Second, extra one, 111, 115 and 117, the defendant repeatedly is attacking this search or this seizure as a Terry stop in one 111, 115, the counsel in his motion repeatedly states because no probable cause existed, law enforcement did not. This the six day delay was a violation and the and the counsel cited almost exclusively United States versus place, which that has to do with the Terry stop. And what counsel was saying below was that because the government didn't have probable cause, district judge find no probable cause. The only available way they could hold on to this property was a Terry stop based on reasonable suspicion. But the 90 minute delay in place for this baggage at the airport was too long based on reasonable suspicion. That was their argument in their motion. That was their argument in district court. Defense counsel, it's in the transcript. Counsel, you don't disagree that at the end of the day, the district court analyzed this in two separate. The district court did not get to the the the district court did not need to get to the delay because once the district court found probable cause or not in the Terry stop analysis and then the district court's done. And in fact, the district court in its in its ruling ER 13, this is at 21 ER 13, the district court specifically says in the end, the question when a delay requesting a warrant delay and requesting a warrant results in an unconstitutionally unreasonable seizure is left for another case and another time. That is saying the district court did not consider that because the defendant did not present what the defendant was challenging was probable cause. And that's what the government responded to. And that's why the waiver applies. Judge Nelson authored the opinion and Magdarella where there is a waiver and it's citing case as well. There is a waiver in case you can waive a particular ground for a motion to suppress when you argue something different on appeal with regard to that motion. And then Judge Nielsen and Magdarella expounded on that and explained where the district court does not make a finding on precise factual issues regarding Fourth Amendment analysis. We uphold the district court's denial of a motion to suppress if there's a reasonable view to support it. There's a citation omitted there. The defendant may not one and two and three make a new legal argument in support of suppression unless the issue does not affect or rely on the factual record developed by the parties. And the issue here and why the defense counsel and the court may be somewhat puzzled why is the record so thin? Well, because the issue below on the motions on the papers and at the hearing was whether or not there was probable cause. And if there is probable cause, we don't get into the Terry stop analysis and the whole 90 minute delay. And that's why when the district court, I'm hypothesizing here, read the government's brief, issued its order, found probable cause, we don't need to get to the issue of delay because there's probable cause. This wasn't a Terry stop. Therefore, the defendant has waived that issue because the defendant did not allow an opportunity for those facts to be further developed. Had that, he attacked the delay independent of probable cause. Oh, there's probable cause or it doesn't matter. The delay is just too long. We'll concede there's probable cause. Even if there is, he didn't even say even if there is probable cause, the delay is too long. He said it's just too long regardless because this was a Terry stop and we know a Terry stop is not going to go on for six days. Everybody knows that. So the district court found there's probable cause and says in its order, we don't reach the issue of delay. So essentially, and that's why this court has announced the issue of the rule of waivers when it hasn't presented the district court and the parties with the opportunity to develop that factual record. Now, circling back to the facts that you asked Judge Nelson is that here they had the tracking warrant for the phone. There was probable cause. I'm out of time. I can either answer this. There was probable cause. They continued the investigation the day of and they, again, the Monday was off. They were off of work and the defendant never, on the defendant's side, he never requested the items back even though they had given him his business card. He never identified below how was his travel or any specific interest, possessory interest affected. And we know he had a ride away. They developed that evidence. And again, he argued on basically on place. And if the court looks at Gill, this case is very similar to Gill where the court upheld a package seized on reasonable suspicion, not PC, and found that the six day delay was OK. And on that case, the package was also seized on a Wednesday. There was investigation on a Friday here in that case and also here. There were no work done on the weekend. No work done. This court affirmed the magistrate judge was unavailable on Tuesday. And the warrant was signed on Wednesday. There's no daylight between this case and Gill. And therefore, this court should affirm. And if the court doesn't have further questions, I'll submit it to the court. Thank you, counsel. Despite its earth shattering response, the government is wrong. Two sort of brief points. First, on waiver, the district court squarely addresses this in its order. It says there are two issues raised by this motion to suppress. Ellipsis. Second, whether the seizure on February 13th, 2020 was constitutionally unreasonable because the law enforcement officer involved waited six days before he requested and obtained a  And the questioning that was posed by the district court to the prosecutor at the suppression hearing delved directly into that. The district court framed it as, OK, even if we assume there's probable cause, explain to me why the six day delay was appropriate. And then the district court walked the prosecutor through in great detail. And this is why I would submit we do have a good record on what the explanation was. It just happens to be inadequate. Walk the prosecutor through in great detail what happened on every one of those days and why there was why there was the delay. And the prosecutor articulated that it was just insufficient. Turning to that point, you know, a lot of this this case has been sort of a debate between Doss and Gill. And I would just emphasize that that Gill does does two things that ultimately are helpful to Cameron's cause. The first is it explains what happened in Doss. It's sort of it's gone through it. It characterizes Doss. And it says, look, in Doss we held that delays from seven to 18 days or whatever the outer limit is. I don't have that in my mind. It can be and have been held unreasonable. It then went on to say, here's why this case is not anything like what what happened in Doss, because what what what happened in Doss and what our court concluded happened in Doss was that, you know, the police proceeded at a leisurely pace. And in this case, the police did not do that. They say in Gill, because they were tracking down leads. They were they were undertaking various important investigatory steps related to, you know, the development of and filing of the warrant. But here that was just wasn't that just wasn't so. The record is we got Valentine's Day. We got four tens and we've got nothing happening when they come back. And so this puts it squarely in Doss land, which remains good law. And this court should reverse on that basis. Thank you. Thank you, counsel. Thanks to both of you for your briefing and argument. Another interesting case. This matter is submitted and we'll.
judges: GRABER, OWENS, NELSON